# IN THE COURT OF APPEALS OF IOWA

No. 19-1749
Filed December 18, 2019

**IN THE INTEREST OF D.B., A.B., and B.B.,**
**Minor Children,**

**A.B., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Jackson County, Mark R. Fowler,

Judge.

A mother appeals the termination of her parental rights to her three children.

**AFFIRMED.**

Elizabeth A. Srp of Srp Law, PLC, Clinton, for appellant mother.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant

Attorney General, for appellee State.

Joshua Reicks of Schoenthaler, Bartlett, Kahler & Reicks, Maquoketa,

attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., Schumacher, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights to her three daughters, D.B., born in 2010, and B.B. and A.B., both born in 2013.[1] The district court found, and we concur, that the grounds for termination were proven. We further find the record does not support that an extension of time for reunification efforts is warranted and termination is in the best interest of the children. We therefore affirm.

The children came to the attention of the Iowa Department of Human Services and the district court due to methamphetamine use by their mother. The children were removed from the mother's custody on June 29, 2018, after the mother and two of the children tested positive for methamphetamine. Throughout the life of the case, the children have remained in relative care. There has not been a trial home placement.

Following the children's removal, the mother struggled to make any progress toward reunification. While she completed outpatient treatment in February 2019, she tested positive for methamphetamine shortly thereafter and did not reengage in treatment.

The record reflects the mother has limited financial resources. She asserts that such is a barrier to reunification and is the basis for her failure to participate in routine drug screens and consistent visitation. The district court acknowledged the mother's financial struggles but noted that such were not the issues that brought the children under the jurisdiction of the court. We agree.

---

[1] The parental rights of D.B.'s father and the parental rights of B.B. and A.B.'s father were also terminated. Neither father appeals.

The mother is unemployed. Her date of last employment was in approximately 2015. The mother applied for but was denied disability income. She does, however, receive housing assistance, utility assistance, and food assistance. In spite of the utility assistance, the mother lived for months without electricity or water. She lost her driver's license for non-payment of child support after the children's removal. Her car was impounded when she deserted the vehicle after running out of gas on the way to a scheduled visit with her children, despite the receipt of gas cards from the department. The department offered transportation to the drug-testing site, which was refused by the mother. The department also transported the children for visitation to a location closer to the mother to ease transportation issues. Despite such, the mother frequently missed her scheduled visits. A cell phone with 350 minutes per month, two gigabytes of data per month, and unlimited texting capability was also provided to the mother. Given the same, we find the mother's argument that her financial situation rendered her unable to participate in drug testing and consistently participate in visitation to be lacking.

The mother also has medical issues. She alleges, like her financial condition, such medical issues serve as a barrier to participation in drug testing and regular visitation. At the termination hearing, she testified that she suffers from post-traumatic stress disorder, depression, agoraphobia, multiple sclerosis, and that she has a diagnosis of bipolar disorder. She, however, denies that she has a substance-abuse issue despite continuing to test positive for methamphetamine throughout the case. Since her daughters were removed from her custody, a period of over fifteen months, the mother was positive for methamphetamine at

every hair stat test. She was often a no-call/no-show at drug testing and visits with her children. The record is void of any evidence that her existing medical conditions prohibit her from completing case plan recommendations given the reasonable efforts provided by the department.

Despite ongoing positive methamphetamine tests, the mother testified at the termination hearing that she had not used methamphetamine for eighteen months to two years. The mother has been unable to acknowledge the issue of her substance abuse, much less address the same. Consequently, the issue of mother's methamphetamine use and the issue of the children's exposure to that drug have not been resolved.

The mother's protective capacity since removal has also not improved. Since the removal, the mother has been resistant to allowing caseworkers into her home. On occasions when caseworkers or service providers were allowed in the home, the mother refused to identify the other individuals located inside her home. The mother also continued to allow inappropriate individuals to have contact with the children, despite contrary instruction from the department, and further acknowledged those associates would always be in her life, causing the department to question the priority of the children for the mother in relation to her associates. The mother requested to invite inappropriate individuals to the birthday party for one of the girls. She allowed a known drug user to have contact with the children after their removal. She did not understand why the children could not live with her and her boyfriend, despite the knowledge that her boyfriend was abusing a controlled substance.

At the eleventh hour, the mother made some minimal efforts. Approximately a month prior to the termination hearing, the Family Safety, Risk, and Permanency (FSRP) provider was allowed to enter the mother's home and noted the home was cleaner, but that the home contained limited food. The mother completed a second substance-abuse evaluation two weeks prior to the termination hearing but she had not yet started treatment.

We review termination proceedings de novo. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). We are not bound by the juvenile court's findings of fact, but we give them weight, especially in assessing the credibility of witnesses. *Id.*

The district court terminated the mother's parental rights in October 2019 pursuant to Iowa Code section 232.116(1)(e) and 232.116(1)(f) (2019). Iowa Code section 232.116(1)(e) allows for termination when:

> The court finds that all of the following have occurred:
> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. For the purposes of this subparagraph, "significant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Iowa Code section 232.116(1)(f) allows for termination when:

> The court finds that all of the following have occurred:
> (1) The child is four years of age or older.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother does not dispute that the above grounds for termination were proven by the State. As the mother does not challenge the statutory grounds for termination, we do not address such within this opinion. She asserts, however, that she should have been provided additional time for reunification and that termination of her parental rights is not in the best interest of her daughters.

We turn to the mother's requested extension of time. Over fifteen months had expired from the time of removal to the time of the termination hearing. The mother was provided the opportunity for FSRP services, assistance with substance abuse, assistance with mental health, random drug testing, transportation assistance, and supervised visitation with her children. Given the lack of progress by the mother over the fifteen months prior to the termination hearing, we cannot find that the district court erred in terminating the parental rights of the mother. We agree, as reiterated by the case manager at the termination hearing, that an extension of time would not eliminate the need for removal given the mother's lack of progress. As testified to by the caseworker, "These girls emotionally cannot handle any more time for this to continue. They need permanency." The case plan filed at the time of the termination hearing noted the girls had suffered "emotional upheaval" and "desperately needed permanency so that they may begin to heal from the trauma . . . ."

We have repeatedly followed the principles that the statutory timeline must be followed and children should not be forced to wait for their parents to be able to care for them. *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998).

In order to continue placement for an additional six months, Iowa Code section 232.104(2)(b) requires a juvenile court to make a determination the need for removal will no longer exist at the end of the extension. "The judge considering them should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *In re A.A.G.*, 708 N.W.2d 85, 92–93 (Iowa Ct. App. 2005).

Iowa courts look skeptically at "last-minute" attempts to address longstanding issues, finding them inadequate to preclude termination of parental rights. *See C.B.,* 611 N.W.2d at 494. Here, the mother did not act until the eleventh hour to obtain a new evaluation. The case plans generated during the underlying child in need of assistance proceedings consistently noted the mother's general lack of concern about the seriousness of the situation with her daughters. Continued placement of the children for an additional six months is not appropriate because the record lacks evidence that the need for removal would be resolved at the end of the extension. *See A.A.G.,* 708 N.W.2d at 92; *In re A.D.,* No. 15-1508, 2016 WL 902953, at *2 (Iowa Ct. App. Mar. 9, 2016).

Lastly, we agree with the district court that termination of the mother's parental rights is in the children's best interest. In seeking out those best interests, we look to the children's long-range as well as immediate interests. *In re L.L.,* 459 N.W.2d 489, 493 (Iowa 1990). This requires considering what the future holds for the children if returned to the parent. *Id.* at 493–94. When making this decision,

we look to the parent's past performance because it may indicate the quality of care the parent is capable of providing in the future. *Id.* at 494; *In re C.K.,* 558 N.W.2d 170, 172 (Iowa 1997).

These three young girls have resided with relatives since the removal from their mother's custody over a year ago. While we do not doubt the mother's professions of love for her children, she has not been forthcoming regarding her methamphetamine use—continuing to test positive throughout the life of the case. Further, she has not been able to demonstrate a protective capacity for the children. The children have negative emotional reactions to the mother's frequently missed visitation. The mother has made little progress in addressing reunification. The children are bonded with relatives who intend to adopt the children. The girls are in need of permanency. We affirm the district court's order.

**AFFIRMED**.